

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK
# BUFFALO DIVISION

WAYNE H. NORMAN,

       Plaintiff,

vs.

ATLANTIC RECOVERY
SOLUTIONS,

       Defendant.

Civil Action No.

**16    CV 915**

## **COMPLAINT**

NOW Comes the Plaintiff, Wayne H. Norman, by and through himself and for

his Complaint against the Defendant, Atlantic Recovery Solutions, and Plaintiff

states as follows:

## **NATURE OF THIS ACTION**

1. Plaintiff brings this action for actual and statutory damages arising out of and

relating to the conduct of Atlantic Recovery Solutions, – (hereinafter, "ARS"), to

include all of its affiliates, subsidiaries, and/or related entities, as well as all

persons and entities acting on behalf of (ARS), including but not limited to (ARS),

in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular

telephone without his prior express consent within the meaning of the TCPA.

This is an action for actual and statutory damages for violations of the Telephone

Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. (ARS), has violated the TCPA by contacting the Plaintiff on his cellular

telephone via an "automatic dialing system," as defined by 47 U.S.C § 227(a)(1),

without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who

resides in the county of Cook, state of Illinois.

5. ATLANTIC RECOVERY SOLUTIONS, LLC, (hereinafter, "Defendant"), is a

"for profit" debt collection agency with a corporate address of 275 Northpointe,

Suite 80, Amherst, NY 14226, and is a "person" as find by 47 USC section

153(39).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C §227

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers.  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are nuisances.

9. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii). [3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices.  § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

## ALLEGATIONS OF FACT

11. On or around September of 2016, Plaintiff began receiving phone calls from (510) 808-6625, (the Defendant). Plaintiff would answer the calls just to hear a prerecorded automated message say, "This message is for **Chena Norman**, if you are **Chena Norman**, press 1…or call (855) 854-8515…"

12. Frustrated by the frequency of the phone calls, Plaintiff answered one such call on October 12, 2016. After listening to the automated message, Plaintiff pressed "9" to speak to a representative.  A male representative came on the line and stating that he was calling on behalf of "ARS" Plaintiff asked if they had a website and the representative said yes, after giving Plaintiff the web address, Plaintiff hung up the phone.

13. Upon information and belief, the Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

14. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

15. Defendant's telephone calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice" or placed by "an automatic telephone dialing system" for non-emergency purposes and in the absence of the Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

16. The Defendant did not have Plaintiff's consent to call his cellular phone using prohibited equipment.

17. Under the TCPA and pursuant to the FCC's July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff suffered harm and damages in the form of invasion of privacy, and harassment due to the continuous unwarranted phone calls, as well as additional data rate charges to his cellular telephone plan.

20. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a solicitation phone call from the Defendant.

21. Plaintiff suffered harm and damages in the form of nuisance due to the

frequency of the phone calls and the resentment and anger Plaintiff felt as a result

of them.

## QUESTIONS OF LAW

22. Questions of law and fact include, but are not limited to, the following:

 a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone
using an automatic telephone dialing system or artificial or prerecorded voice;

 b. Whether Defendants conduct was knowing and/or willful;

 c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227, ET SEQ.

23. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

24. The ten (10) phone calls were made to Plaintiff's cellular phone using

prohibited equipment without his expressed consent.

25. As a result of Defendants violations of 47 U.S.C. § 227et seq., Plaintiff is

entitled to an award of $500.00 in statutory damages for each and every call in

violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

a) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $500.00 for each and every call that violated the TCPA;

c) Actual damages from the Defendant for all damages including emotional distress, data usage, and nuisance as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman
3010 Finley Drive
Downers Grove, Illinois 60515
(682) 241-8688
whnorman@hotmail.com

PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE ®

**P**

US POSTAGE PAID
**$6.45**

*Retail*

Origin: 60130
Destination: 14202
0 Lb 5.20 Oz
Nov 09, 16
1628140130-06

1006

Expected Delivery Day: 11/12/2016

**PRIORITY MAIL ®3-Day**

C030

USPS TRACKING NUMBER

9505 5117 9502 6314 0175 53

P S 0000 1000 0014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE ®

FROM:

NOV 14 2016
BUFFALO

TO:

*(handwritten)*
U.S. District Court for
the Western District of
New York, Buffalo Division
2 Niagra Square
Buffalo, NY 14202 34...

